**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

JAMES A. THOMPKINS,

    Plaintiff,

v.

                                    Case No. 4:19-cv-00629

VERICORE, LLC,

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, JAMES A. THOMPKINS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, VERICORE, LLC, as follows:

## NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      JAMES A. THOMPKINS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Haslet, Texas.

5.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.      VERICORE, LLC ("Vericore") is a foreign corporation with its principal place of business located in Mandeville, Louisiana.

7.      Vericore is a "person" as defined by 47 U.S.C. § 153(39).

1

## FACTUAL ALLEGATIONS

8.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 2870.

9.      At all times relevant, Plaintiff's numbers ending in 2870 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

11.     In March 25, 2019, Plaintiff started to receive phone calls from Vericore seeking obtain payment on an alleged breeding bill.

12.     Plaintiff informed Shawn Martin, Vice President of Collections at Vericore that he is making payment directly to breeder, to stop calling.

13.     Unfortunately, the phone calls persisted as Plaintiff continued to receive no less than 15 additional *unwanted* phone calls from Vericore.

14.     Plaintiff answered several of these phone calls.

15.     Each time, Plaintiff was met with recorded message indicating that "this call will be recorded and monitored …."

16.     Each time, Plaintiff experienced noticeable delay/pause prior to being connected to Vericore's representative.

17.     Vericore's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental

anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

18.     Concerned with violation(s) of protections afforded by various consumer laws, Plaintiff sought counsel to ensure that Vericore's unlawful collection practices ceased.

19.     Accordingly, Plaintiff has been forced to expend energy/time consulting with attorneys to file this action.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

20.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21.     Vericore placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22.     Upon information and belief, based on the automated messages Plaintiff received, Vericore employed an ATDS to place calls to Plaintiff's cellular telephone.

23.     Upon information and belief, based on the "clear pause" Plaintiff experienced, Vericore employed an ATDS to place calls to Plaintiff's cellular telephone.

24.     Upon information and belief, the ATDS employed by Vericore transfers the call to a live representative once a human voice is detected, hence the clear pause.

25.     Upon information and belief, the ATDS employed by Vericore has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

26.     Upon information and belief, Vericore acted through its agents, employees, and/or representatives at all times relevant.

27.     As a result of Vericore's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

28.     As a result of Vericore's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Vericore violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 29, 2019                                          Respectfully submitted,

**JAMES A. THOMPKINS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com